UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO FAMILY HOUSING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARVIN ELLZEY and JESSICA ELLZEY,<br><br>Defendants. | Case No.: 25-CV-2420 TWR (SBC)<br><br>**ORDER REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO, FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(ECF Nos. 1, 8, 14) |

The Court is in receipt of Defendant Marvin Ellzey's Response ("Resp.," ECF No. 14) to the Court's September 30, 2025 Order (1) Denying Without Prejudice Defendant Marvin Ellzey's Application to Proceed *in Forma Pauperis*; and (2) for Defendant Marvin Ellzey to Show Cause Why This Action Should Not Be Remanded to the Superior Court of California, County of San Diego, for Lack of Subject-Matter Jurisdiction ("OSC," ECF No. 8).[1] Defendant Marvin Ellzey contends that this Court has federal-question jurisdiction because his "claims and defenses turn on federal statutes including the Servicemembers

---

[1]      Although Plaintiff indicates that he did not receive the Court's Order to Show Cause, (*see* Resp. at 1–2), his Response (and various other filings addressing the Court's jurisdiction, *see, e.g.*, ECF Nos. 3, 12), is timely.

Civil Relief Act (50 U.S.C. § 3901 et seq.), the False Claims Act (31 U.S.C. § 3729 et seq.), the Tucker Act (28 U.S.C. § 1491), and the Civil Rights Act (42 U.S.C. § 1983)." (*See* Resp. at 5.)

As the Court previously explained,

> None of these statutes form the basis of Plaintiff's Complaint, (*see generally id.*), however, and it is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis omitted). To the extent Defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Consequently, Plaintiff's unlawful detainer action does not present a federal question, and the Court appears to lack jurisdiction under 28 U.S.C. § 1441(a).

(*See* OSC at 4.) Nothing in Defendant's Response changes the Court's prior analysis. Because Defendant Marvin Ellzey has failed to meet his burden of establishing that there exists federal subject-matter jurisdiction such that removal was proper, the Court necessarily **REMANDS** this action to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: October 15, 2025

_____
Honorable Todd W. Robinson
United States District Judge